Filed 12/26/14  P. v. Coover CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060913 |
| v. | (Super.Ct.No. RIF1200373) |
| JOSHUA JAMES COOVER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. (Retired Judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found defendant and appellant Joshua James Coover guilty of possessing personal identifying information of another person for an unlawful purpose (Pen. Code,

§ 530.5, subd. (a); count 1);[1] forgery (§ 470, subd. (b); count 2); and driving with a suspended driver's license (Veh. Code, § 14601.1, subd. (a); count 3). In a bifurcated proceeding, defendant admitted that he had suffered one prior serious and violent felony strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)). Defendant was sentenced to a total term of four years in state prison with credit for time served. Defendant appeals from the judgment. We find no error and will affirm the judgment.

I

FACTUAL BACKGROUND

On January 30, 2012, at around 4:27 a.m., Riverside Police Officer Scott Levesque was on patrol when he noticed a vehicle with no license plates turn into a town home community. Officer Levesque initiated a traffic stop and contacted defendant, the driver of the vehicle. Defendant immediately handed Officer Levesque a driver's license belonging to a "Steve Miller." Defendant failed to produce the vehicle's registration or proof of insurance. Based on Officer Levesque's training and experience in recognizing fraudulent driver's licenses, Officer Levesque opined the driver's license defendant presented was a "very good copy" of a valid license. Officer Levesque noted the driver's license contained slight inconsistencies with the font, and the picture and text were bleeding through. As Officer Levesque called for backup assistance, defendant spontaneously stated the driver's license was good.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

Using the name "Steve Miller" and the number on the license, Officer Levesque searched the Department of Motor Vehicle's image site. His search revealed a driver's license with the name "Steve Miller," a driver's license number, and address associated with the license defendant presented; however, the picture associated with that name, number, and address was not defendant. Officer Levesque asked defendant about the name "Steve Miller," and defendant responded that he knew the license was valid and that he was "Steve Miller." At that time, another officer had arrived and used defendant's fingerprints to determine defendant's true identity.

After learning defendant's true identity, Officer Levesque discovered defendant's license was suspended. Officer Levesque thereafter arrested defendant and searched defendant's wallet. Inside the wallet, Officer Levesque found numerous credit cards in the name of "Steve Miller." A search of the vehicle revealed a Western Union money order receipt with the name of the sender as "Steve Miller," a police scanner, and a Sony HD camera. The camera contained a video of defendant rapping about using the name "Steve Miller."

Steve Miller stated that in August 2010 his car was burglarized and all of his identification was stolen. Miller looked at the driver's license presented by defendant to Officer Levesque and noted the name, address, and driver's license number were his but that the signature, picture, height, weight, and hair color were incorrect. Miller also stated that he did not own or possess any of the credit cards found in defendant's wallet

3

nor did he send anything from Western Union. Miller did not know defendant and did not give defendant permission to use his personal identifying information.

Defendant stated that he knew his driver's license was suspended so he purchased a driver's license from a swap meet for $150. Defendant admitted that he used the name "Steve Miller" when he was contacted by Officer Levesque, but claimed that he did not know the driver's license number or address depicted on the fraudulent license belonged to a real person. Defendant further stated that the credit cards came with the driver's license he purchased in order to make the fake license appear real. He noted that he never had any intention of using the credit cards but admitted that he had used the driver's license to send money through Western Union.

II

DISCUSSION

Defendant appealed from the judgment, and we appointed counsel to represent him on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


KING
J.